IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-10630-tmd |
| WC 717 N. Harwood Property, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

## MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING THE RETENTION OF FISHMAN JACKSON RONQUILLO PLLC AS GENERAL BANKRUPTCY COUNSEL

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the Clerk of the Bankruptcy Court within twenty-one (21) days from the date you were served with this pleading. You must serve of a copy of your response on the person who sent you the notice; otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE TONY M. DAVIS,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 11 U.S.C. §§ 327 and 1107, and Fed. R. Bankr. P. 2014 and 9013 and L. Rule 2014, WC 717 N. Harwood Property, LLC (the "**Debtor**"), as Debtor and Debtor-in-Possession in the above styled and captioned bankruptcy case (the "**Bankruptcy Case**"), files this application seeking authority to retain Fishman Jackson Ronquillo PLLC ("**FJR**") as its general bankruptcy counsel and in support of the relief requested would show as follows:

### I. JURISDICTION[1]

1. This Court has jurisdiction over the Bankruptcy Case and this application pursuant to 28 U.S.C. §§ 157 and 1334. The proceeding initiated by the filing of this

---

[1] Unless otherwise indicated, all statutory references shall be to the United States Bankruptcy Code, Title 11 United States Code (the "**Bankruptcy Code**").

5632299.2  FJR 23081.20

Application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

2. The Debtor is a Texas limited partnership headquartered in Austin, Texas. The Debtor commenced this Bankruptcy Case on August 3, 2021 (the "**Petition Date**") by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. Since the filing of the petition, the Debtor has remained in possession of its assets and continued in operation of its business as a debtor-in-possession pursuant to sections 1107 and 1108.

3. The Property consists of 0.97 acres of real property improved by a 34-story Class A office building located in the Dallas City Center/Dallas Arts District neighborhood (the "**Real Property**").

4. The Debtor's principal secured creditor is SKW-B Acquisitions Seller J, LLC ("**Secured Noteholder**"). The Debtor estimates that it owes as of the Petition Date approximately $72 million to Secured Noteholder. The Debtor believes that the Real Property is worth at least $150 million. Given (among other things) the significant value of the Real Property in excess of secured debt, the Debtor is confident that it will be able to sell the Real Property well in excess of the Secured Noteholder's secured debt and accrued property taxes or to refinance the Secured Noteholder's debt in an amount sufficient to pay both the Secured Noteholder  The Debtor further believes that it will generate sufficient funds from such efforts to satisfy all other debts owed.

## III. DISCUSSION

5. The Debtor requests authority to employ and retain FJR as general bankruptcy counsel effective as of the Petition Date to perform legal services on its behalf during the course

of the Bankruptcy Case. In support of the Application attached hereto as Exhibit "A" is the Declaration of Mark H. Ralston (the "**Ralston Declaration**").

A. <u>Basis of Selection of Counsel</u>.

6. The Debtor has selected FJR to serve as its general bankruptcy counsel based upon a variety of factors, including experience in the field of business bankruptcy, the nature and complexity of the issues involved in this case, and the hourly fee rate of counsel. The Debtor believes that FJR is fully qualified to perform the legal services necessary to enable the Debtor to represent its rights and interests in the Bankruptcy and to assist the Debtor in satisfying its obligations under the Bankruptcy Code.

B. <u>Services to be Rendered</u>.

7. FJR's services as the Debtor's general bankruptcy counsel will include, but will not be limited to, the following:

    a. Serving as attorneys of record for the Debtor in all aspects;

    b. Providing representation and legal advice to the Debtor throughout the Bankruptcy Case;

    c. Assisting the Debtor in carrying out its duties under the Bankruptcy Code, including advising the Debtor of such duties, its obligations, and its legal rights;

    d. Consulting with the United States Trustee, any statutory committee that may be formed, and all other creditors and parties in interest concerning administration of the Bankruptcy Case;

    e. Assisting in the possible sale of the Debtor's assets;

    f. Preparing on behalf of the Debtor all motions, applications, answers, orders, reports, and other legal papers and documents to further the Debtor's interests and

objectives in the Bankruptcy Case, and to assist the Debtor in the preparation of its schedules, statements, and reports;

       g.    Assisting the Debtor in connection with formulating and confirming a Chapter 11 plan, if necessary;

       h.    Assisting the Debtor in analyzing and appropriately treating the claims of creditors;

       i.    Appearing before this Court and any appellate courts or other courts having jurisdiction over any matter associated with the Bankruptcy Case; and

       j.    Performing all other legal services and provide all other legal advice to The Debtor as may be required or deemed to be in the Debtor's interest and in accordance with its powers and duties as set forth in the Bankruptcy Code.

8.    Subject to this Court's approval of the Application, FJR is willing to serve as the Debtor's counsel and attorneys in the Bankruptcy Case and to perform the services described above.

C.    <u>Compensation and Reimbursement</u>.

9.    FJR has agreed to perform the legal services to be provided at the normal and customary hourly rates charged by its professionals and paraprofessionals and the Debtor has agreed to those rates subject to this Court's approval. FJR charges its clients the following range of rates for its partners, associates and paraprofessionals:

- Attorneys             $300 - $450
- Paraprofessionals    $135 - $175

10.    It is anticipated that Mark H. Ralston, an FJR attorney, will be the primary provider of legal services for and on behalf of the Debtor. Mr. Ralston's standard hourly rate is $400.00 per hour. Mr. Ralston is duly licensed to practice in the State of Texas and is admitted

Page 4

to practice law in the Western District of Texas. It is anticipated that Shirley James of FJR will provide paraprofessional legal services on behalf of the Debtor. Ms. James has served as Mr. Ralston's paraprofessional for over five (5) year. Ms. James standard hourly rate is $140.00 per hour. Also, subject to this Court's approval, the Debtor has agreed to reimburse FJR for its out-of-pocket expenses as permitted under and in accordance with the Local Bankruptcy Rules.

11. FJR has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1).

D. Disinterestedness of Professionals.

12. Based on their analysis of the facts, the Debtor and FJR believe that FJR does not represent or hold any interest adverse to the Debtor's interests and does not represent any other person or entity having an adverse interest in connection with the Bankruptcy Case. Thus, the Debtor and FJR believe that FJR is a "disinterested person" as defined by Bankruptcy Code section 101(14). Additionally, the Debtor is not aware of any connection between FJR and it, its creditors, any other party in interest in the Bankruptcy Case, or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as otherwise identified in the Ralston Declaration.

13. As noted in the Ralston Declaration, the Debtor's affiliate has paid FJR's requested retainer of $26,738.00 for fees and reimbursable expenses in the form of a capital contribution made on behalf of the Debtor's sole general partner, WC 717 N. Harwood Property, LLC. All of that retainer payment remains in FJR's trust account.

E. Request for Approval.

14. The Debtor requests that this application, after notice and an opportunity for objection, be granted. The Debtor is currently unaware of circumstances that would necessitate that this application be heard on less than twenty days notice as generally required under Fed. R.

Bankr. P. 6003, but reserves all rights to move for expedited notice and hearing should it become necessary to do so to prevent avoid immediate and irreparable harm.

## IV. REQUEST FOR RELIEF

15. For the foregoing reasons, the Debtor requests that the Court, after notice and an opportunity for objection, enter an order: (a) authorizing it to engage FJR effective as of August 3, 2021 on the terms and conditions set forth herein; and, (b) granting the Debtor all other and further relief as to which it may show itself to justly entitled.

Dated: the 2nd day of September 2021.

Respectfully submitted,

**FISHMAN JACKSON RONQUILLO PLLC**

/s/ Mark H. Ralston
Mark H. Ralston
State Bar No. 16489460
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
Telephone: (972) 419-5544
Facsimile: (972) 4419-5500
E-mail: mralston@fjrpllc.com

PROPOSED COUNSEL FOR DEBTOR
WC 717 N. HARWOOD PROPERTY, LLC

## CERTIFICATE OF SERVICE

This is to certify that the undersigned caused a true and correct copy of the foregoing document to be served on the parties listed on the attached service list by First Class United States Mail and on all persons receiving electronic notice of filings in this case through the ECF system, on this, the 2nd day of September 2021.

/s/ Mark H. Ralston
Mark H. Ralston

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-10630-tmd |
| WC 717 N. Harwood Property, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

DECLARATION OF MARK H. RALSTON IN SUPPORT OF DEBTOR'S
APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF
FISHMAN JACKSON RONQUILLO PLLC AS GENERAL BANKRUPTCY COUNSEL

In accordance with 28 U.S.C. §1746 and under penalty of perjury, Mark H. Ralston hereby declares as follows:

1. The facts set forth in this Declaration are based on my personal, knowledge, upon information and belief.

2. On August 3, 2021 (the "**Petition Date**") WC 717 N. Harwood Property, LLC (the "**Debtor**") commenced the above-captioned and styled case (the "**Bankruptcy Case**") by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code, Title 11 United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of Texas (Austin Division) (the "**Bankruptcy Court**").

3. I submit this declaration pursuant to sections 327 and 1107 of the Bankruptcy Code, Fed. R. Bankr. P. 2014 and Local Bankruptcy Rule 2014, for the purpose of assisting the Bankruptcy Court and parties in interest with respect to the relief requested by the Debtor in its *Application of Debtor and Debtor-in-Possession for Order Authorizing the Retention of Fishman Jackson Ronquillo PLLC as General Bankruptcy Counsel* (the "**Application**"), filed in the Bankruptcy Case.

4. I am an attorney licensed to practice law in the State of Texas and have been a

Page 1

5632310.1 FJR 23081.20

member in good standing of the Texas Bar since 1990. I am also admitted to practice before, among other courts, the United States District Courts for the Western, Northern, Southern, and Eastern Districts of Texas and the United States Court of Appeals for the Fifth Circuit.

5. Since becoming licensed to practice law in 1990, I have concentrated my practice in areas related to bankruptcy, insolvency, and debtor and creditor rights.

6. I am an attorney with the law firm of Fishman Jackson Ronquillo PLLC ("**FJR**"). The office address and other contact information of FJR are as follows:

> Three Galleria Tower
> 13155 Noel Road, Suite 700
> Dallas, TX 75240
> Telephone: (972) 419-5544
> Facsimile: (972) 419-5501

7. Subject to approval of the Application by the Bankruptcy Court, the Debtor has engaged FJR under the terms of an Engagement Agreement, a true and correct copy of which is attached as Ex. "1". As provided in the Engagement Agreement, the Debtor has engaged FJR to represent it in this Bankruptcy Case, which may include those matters set forth in paragraph 9 of the Application. Subject to the Bankruptcy Court's approval of the Application, FJR is willing to serve as the Debtor's counsel and to perform such services.

8. Subject to the Bankruptcy Court's approval, the Debtor has agreed to compensate FJR for the legal services to be rendered on an hourly fee basis at the standard hourly rates of its professionals. Those hour rates are currently as follows:

- Attorneys         $300 - $450
- Paraprofessionals $135 - $175

9. My standard hourly rate is $400 per hour.

10. The Debtor has also agreed to reimburse FJR for its reasonable, actual, necessary out-of-pocket expenses it incurs in connection with the engagement, as permitted under the Local

Bankruptcy Rules and subject to approval of the Bankruptcy Court. Those expenses may include, but are not limited to, costs for photocopying, travel, business meals, transcription services, messengers, couriers, postage, witness fees and other fees related to trials and hearings. FJR will charge for all such actual and necessary expenses in a manner and at rates consistent with charges made generally to its other clients and consistent with the applicable Local Bankruptcy Rules.

11. The Debtor engaged FJR as of August 3, 2021, the first date that FJR commenced providing legal services to the Debtor, under the terms of an engagement agreement attached hereto as Ex. A-1 (the "**Engagement Agreement**"). In accordance with the Engagement Agreement, FJR has agreed to accept the engagement on the condition that it be paid a legal retainer of $26,738. That retainer has been funded by World Class Holdings, LLC, one of the Debtor's non-debtor affiliates, in the form of a capital contribution made by the Debtor's sole general partner, WC 717 N. Harwood Property, LLC. As of the Petition Date, $26,738 remained in Debtor's retainer account.

12. FJR has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Bankruptcy Code section 504(b)(1).

13. In accordance with Fed. R. Bankr. P. 2014(a), FJR has conducted a review of potential conflicts regarding the proposed engagement by the Debtor and has determined that: (i) FJR does not have any conflict in representing the Debtor as its general counsel in the Bankruptcy Case; (ii) FJR does not have any connection to the Debtor's creditors or other parties in interest, and their respective attorneys and accountants, the United States Trustee, and any person employed by the Office of the United States Trustee that would present a conflict of interest if FJR were approved to be engaged by the Debtor to represent it in the Bankruptcy

Case; and (iii) there is no other basis upon which FJR would be subject to disqualification from representing the Debtor under the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

14. FJR is or has been engaged as general bankruptcy counsel (with that engagement possibly pending approval by the Bankruptcy Court in certain bankruptcy) for the following entities that are affiliated with Mr. Natin Paul, including this Debtor (collectively with the Debtor, the "**WC Debtors**"):[1]

   a. WC 2101 W. Ben White LP (Case No. 20-10182-tmd);
   b. WC 4th and Colorado LP (Case No. 20-10881-tmd);
   c. WC Teakwood Plaza LLC (Case No. 20-11104-tmd);
   d. WC 4811 South Congress LLC (Case No. 20-11105-tmd);
   e. WC 8120 Research LP (Case No. 20-11106-tmd);
   f. WC South Congress Square LLC (Case No. 20-11107-tmd);
   g. WC Custer Creek Center Property LLC (Case No. 20-11202-tmd);
   h. WC Thousand Oaks Center, LP (Case No. 21-10251-tmd);
   i. WC 3rd and Trinity, LP (Case No. 21-10252-tmd);
   j. WC 5th and Waller, LLC (Case No. 21-10358-tmd);
   k. WC 6th and Rio Grande, LP (Case No. 21-10359-tmd);
   l. WC Culebra Crossing SA, LP (Case No. 21-10360-tmd); and
   m. Arboretum Crossing, LLC (Case No,. 21-10546-tmd)..

15. Other than the WC Debtors, FJR does not represent Mr. Paul or any other person or entity for which Mr. Paul is an officer, majority owner, control person, or insider.

16. Based on their analysis of the facts, FJR believes that it does not represent or hold any interest adverse to the Debtor's interests and does not represent any other person or entity having an adverse interest in connection with the Bankruptcy Case. Thus, FJR believes that it is

---

[1] FJR also represented certain affiliates in the following dismissed bankruptcy cases: WC 1st and Trinity LP (Case No. 20-10885-tmd); WC 1st and Trinity GP, LLC (Case No. 20-10886-tmd); WC 3rd and Congress LP (Case No. 20-10887-tmd); and WC 3rd and Congress GP, LLC (Case No. 20-10888-tmd).

Page 4

a "disinterested person" as defined by Bankruptcy Code section 101(14).

17. If I become aware of any additional material relationships and/or connections between FJR, on the one hand, and the Debtor's creditors or other parties in interest, on the other hand, FJR will file a supplemental declaration disclosing same.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on September 2, 2021.


　/s/ Mark. H. Ralston　
Mark H. Ralston
Declarant

**MARK H. RALSTON,** Attorney
mralston@fjrpllc.com
(972) 419-5544

August 3, 2021

*VIA E-MAIL*
npaul@world-class.com

Mr. Nate Paul
WC 717 N Harwood Property LLC
814 Lavaca Street
Austin, TX 78701

   *Re:*   *Engagement Agreement* between WC 717 N Harwood Property LLC ("**WC**" or "**Client**") and Fishman Jackson Ronquillo, PLLC (the "**Firm**")

Dear Mr. Paul:

  Thank you for selecting the Firm to represent Client in its Chapter 11 bankruptcy case filed on August 3, 2021 (the "**Engagement Matter**"), referenced as Case No. 21-10630, Western District of Texas, Austin Division (the "**Bankruptcy Case**"). The engagement will be effective as of August 3, 2021.

  We believe that a successful professional relationship begins with a mutual understanding of expectations about the services we will provide, legal fees, and other important aspects of our representation. With that in mind, it is our practice to specify our engagement arrangements with our clients, and that is the purpose of this letter and the attached *Standard Terms of Engagement*. Our Firm encourages open and candid communications with Client. Please let me know as soon as possible if you have questions about this letter, the *Standard Terms of Engagement*, or if you are concerned about any aspect of the representation. **To the extent that the terms of this letter and the Standard Terms of Engagement conflict, this letter will control.**

Description and Scope of the Representation: Identification of Client

  The Firm is being retained to represent Client as to the Engagement Matter only. We want to clarify that the Firm does not represent any other entity or person regarding the Engagement Matter, including you personally or other entities affiliated with Client. Furthermore, the Firm's engagement by Client is subject to approval in the Bankruptcy Case.

  Our representation is limited to matters for which Client specifically requests our assistance on its behalf. The Firm has not been retained to represent Client in connection with any other matter unless we have been specifically and expressly retained. It is understood that the Firm is being retained to provide legal services and that we are not responsible for providing business or financial advice to Client.

Nate Paul
WC 717 N Harwood Property LLC
August 3, 2021
Page 2

### Attorneys Handling Your Representation

I will be the attorney primarily responsible for this representation. The Firm may also use the services of other Firm attorneys to assist in the representation from time to time. The Firm also uses legal assistants in providing professional services when we believe that their use will reduce legal costs and improve efficiency.

### Communications

Unless otherwise directed, we will communicate with Client on all substantive matters. You will be my primary contact in connection with the Engagement Matter.

### Legal Fees

The Firm generally charges for our services based upon the time and effort devoted to the matter and the hourly rates of the lawyers and legal assistants that work on the representation. My hourly rate for this matter is $400.00. We review our billing rates annually and will let you know in advance if our hourly rates are modified. Client will be primarily responsible for the payment of the Firm's fees and expenses. In connection with the anticipated fees and reimbursable expenses anticipated to be incurred in the Engagement Matter, Client has arranged for the sum of $26,738 to be paid by a related non-debtor entity as a retainer to the Firm, with that expense to be deemed an equity contribution by Client's sole member.

### Costs and Expenses

In addition to legal fees, the Firm charges for out-of-pocket costs and expenses incurred in representing Client. Please refer to the *Standard Terms of Engagement* for examples of such costs and expenses and how these will be handled and billed to Client.

### Payment of Fees and Expenses

The Firm's standard practice is to bill once a month. During the course of the Bankruptcy Case, the Firm is required to obtain court approval of its fees and reimbursable expenses as provided under applicable law. Client agrees to pay all court-approved fees and expenses without delay.

### Conclusion

Once again, we are pleased to have this opportunity to represent Client in accordance with this letter and the *Standard Terms of Engagement*. If you have any questions or concerns about any of the above or the *Standard Terms of Engagement*, please contact me as soon as

5624067.1

Nate Paul
WC 717 N Harwood Property LLC
August 3, 2021
Page 3

possible.  If this letter and the *Standard Terms of Engagement* accurately reflect our agreement, please sign the enclosed copy of this letter and return it to me.

                          Very truly yours,

                          /s/ Mark Ralston

                          Mark H. Ralston

MHR/sj

AGREED AND ACCEPTED

AS OF AUGUST 3, 2021

**WC 717 N Harwood Property LLC**

By: _____
      Nate Paul
      Authorized Representative

5624067.1

SKW-B Acquisitions Seller J, LLC
c/o SKW Funding, LLC
Attn: Matt Contreras
134 West 25th Street
New York, New York 10001

Morritt Hook & Hamroff LLP
400 Garden City Plaza
Garden City, NY 11530
Attn: Brandi P. Klineberg

Colliers International Holdings (USA), Inc.
28158 Network Place
Chicago, IL 60673-1281

Universal Protection Service LP
P.O. Box 828854
Philadelphia, PA 19182-8854

Asurity Mortgage Group, LLC
717 North Harwood
Suite 1600
Dallas, TX 75201

TK Elevator Corporation
P.O. Box 3796
Carol Stream, IL 60132-3796

RTC Waterproofing & Glass, Inc.
1433 Crescent Drive
Carrollton, TX 75006

Hudson Energy Corp.
P.O. Box 731137
Dallas, TX 75373-1137

Captivate LLC
900 Chelmsford Street
Suite 3101
Lowell, MA 01851

City of Dallas Water Utilities
City Hall, 2D South
Dallas, TX 75277

Promise Total Services, Inc.
P.O. Box 29789
Dallas, TX 75229-9789

Mid America Metals
P.O. Box 860
Ozark, MO 65721-0860

McCall Parkhurst and Horton LLP
717 North Harwood
Suites 525 and 900
Dallas, TX 75201

4-L Engineering Company Inc.
420 N Dorothy Drive
Richardson, TX 75081

Nalco Company
P.O. Box 730005
Dallas, TX 75373-0005

Universal Thrive Technologies LLC
1815 E Wilshire Avenue
Suite 910
Santa Ana, CA 92705

Mitec
2445 Meadowbrook Parkway
Duluth, GA 30096

APS Building Services
P.O. Box 40447
Houston, TX 77240

Texas AirSystems LLC
6029 West Campus Circle Drive
Suite 100
Irving, TX 75063

TRI-TEX Construction, Inc.
403 International Parkway
Suite 500
Richardson, TX 75081

Downtown Dallas Inc.
Bank of America Plaza
Suite 7100
901 Main St.
Dallas, TX 75202

Allied Universal Technology Services
3440 Sojourn Drive
Suite 220
Carrolton, TX 75006

Office of the US Trustee
903 San Jacinto Boulevard
Room 230
Austin, TX 78701

Ross & Smith, PC
Attn: Frances A. Smith
700 N. Pearl Street, Suite 1610
Dallas, TX 75201

Ross & Smith, PC
Attn: Eric Soderlund
700 N. Pearl Street, Suite 1610
Dallas, TX 75201

Dallas County
Linebarger Goggan Blair & Sampson, LLP
c/o Elizabeth Weller
2777 N Stemmons Frwy Ste 1000
Dallas, Texas 75207

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-10630-tmd |
| WC 717 N. Harwood Property, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

ORDER GRANTING DEBTOR'S APPLICATION FOR AUTHORITY
TO ENGAGE FISHMAN JACKSON RONQUILLO PLLC AS
ITS GENERAL BANKRUPTCY COUNSEL

ON this day came on for consideration the *Motion of Debtor and Debtor-in-Possession for Order Authorizing Retention of Fishman Jackson Ronquillo PLLC as General Bankruptcy Counsel* (the "**Motion**") filed by Debtor WC 717 N. Harwood Property, LLX (the "**Debtor**") on September 2, 2021, by which the Debtor seeks approval of the Court to allow it to engage Fishman Jackson Ronquillo PLLC ("**FJR**") as its general bankruptcy counsel in this case, as more particularly set forth in the Motion and Declaration on file in this matter.

Page 1

The Motion was either set for hearing or served pursuant to Local Bankruptcy Rule 9013(d), and no objections have been timely filed that have not been withdrawn or resolved by agreement or ruling of the Court. As set forth in the *Declaration of Mark H. Ralston* filed with the Motion, FJR represents to this Court that it holds or represents no interest adverse to the Debtor or its estate, that it is disinterested, and that its employment is in the best interest of the Debtor's estate. It is therefore

ORDERED, that the Debtor is authorized to employ FJR effective as of August 3, 2021 as its general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), with all fees payable subject to interim and/or final application to and approval of this Court; and it is further

ORDERED, that FJR shall comply in all respects with L. Rule. 2016.

# # # END OF ORDER # # #