**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**KEVIN M. EPSTEIN**
**UNITED STATES TRUSTEE**
**GARY WRIGHT**
**ASSISTANT UNITED STATES TRUSTEE**
**J. CASEY ROY**
**TRIAL ATTORNEY**
**SHANE P. TOBIN**
**TRIAL ATTORNEY**
**903 SAN JACINTO BLVD., ROOM 230**
**AUSTIN, TX 78701**
Telephone: (512) 916-5328
Fax: (512) 916-5331

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CHAPTER 11** |
| WC 717 N. HARWOOD PROPERTY, LLC, | § | **CASE NO. 21-10630-TMD** |
| DEBTOR | § | |
| | § | |

## UNITED STATES TRUSTEE'S COMMENT TO ORDER TO SHOW CAUSE

TO THE HONORABLE TONY M. DAVIS,
UNITED STATES BANKRUPTCY JUDGE:

    KEVIN M. EPSTEIN, THE UNITED STATES TRUSTEE for Region 7 (U.S. Trustee), hereby files this comment to the Court's orders to show cause in the Chapter 11 bankruptcy cases of WC South Congress Square, LLC, Case No. 20-11107; WC 3rd and Trinity, LP, Case No. 21-10252; Arboretum Crossing, LLC, Case No. 21-10546; WC 717 N. Harwood Property, LLC, Case No. 21-10630; WC Met Center, LLC, Case No. 21-10698; 6th and San Jacinto, LLC, Case No. 21-10942; WC 511 Barton Blvd., LLC, Case No. 21-10943; and WC Manhattan Place, LLC, Case No. 22-10047[1] (collectively, Debtors) and respectfully represents as follows:

---

[1] The U.S. Trustee filed identical comments in each case.

1

**I.     JURISDICTION AND STANDING**

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151, and 11 U.S.C. § 1112(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The U.S. Trustee is a recognized party-in-interest with standing to request dismissal or conversion of a chapter 11 case. 28 U.S.C. § 586(a)(8).

**II.     SUMMARY**

2. On March 8, 2022, the Court set a show cause hearing in the Debtors' cases due to issues that arose at a hearing in an affiliate case, WC Culebra Crossing SA, LP, Case No. 21-10360 (WC Culebra), on a motion seeking conversion filed by the U.S. Trustee due to WC Culebra's failure to timely file Monthly Operating Reports (MORs) and pay fees due under 28 U.S.C. § 1930(a)(6). Prior to the hearing, WC Culebra filed certain MORs along with bank statements evidencing that WC Culebra made several transfers of cash without lender consent or Court approval, including at least $251,822.30 to affiliates. The Court converted WC Culebra's to Chapter 7 on March 7, 2022.

3. Since conversion, the bank statements provided to the Chapter 7 Trustee and U.S. Trustee evidence that between January 31, 2022, and March 7, 2022, WC Culebra disbursed an additional $847,291.37 without lender consent or Court approval. The unauthorized disbursements included $571,417.39 disbursed to Wells Fargo Commercial Mortgage, who was not scheduled as a creditor and did not file a claim in the case. That transfer to Wells Fargo Commercial Mortgage was executed on the same day the Court set the status hearing on the U.S. Trustee's motion to convert and a hearing on the pre-petition lender's motion to enforce a settlement agreement, but WC Culebra failed to disclose this transfer or any other transfers to insiders in February 2022 or March 2022 at the hearing.

4.      Cause exists to convert these cases to Chapter 7 or appoint a Chapter 11 trustee because, similar to the WC Culebra case, Debtors fail to file timely, accurate, or complete MORs and routinely fail to provide complete or corrected information or respond to requests for information from the U.S. Trustee. Prior to the hearing, the U.S. Trustee moved to convert or dismiss five of the eight cases in which the Court issued a show cause order due to those debtors' failure to file MORs, pay quarterly fees, and failure to provide information reasonably requested by the U.S. Trustee.

5.      Cause also exists to convert these cases to Chapter 7 or appoint a Chapter 11 trustee because Debtors' failure to properly report income and expenses on their MORs constitutes evidence of gross mismanagement. See In re Domiano, 442 B.R. 97, 107 (Bankr. M.D. Pa. 2010). Debtors' failure to comply with basic fiduciary duties and routine disregard of the duty to keep the Court and creditors informed about the status and condition of their businesses also constitutes gross mismanagement and, thus, cause for conversion, dismissal, or appointment of a Chapter 11 trustee. Petit v. New England Mortg. Services, Inc., 182 B.R. 64, 69 (D. Me. 1995); 11 U.S.C. § 1112(b)(4)(B); 11 U.S.C. § 1104(a)(1).

6.      Debtors' financial reporting is filed late or not at all. The MORs that are filed contain multiple errors and omissions that mislead the Court, creditors, and other parties-in-interest. For example, as indicated on page 1 of each filed MOR, Debtors report business operations and activity on the MORs under the accrual accounting basis. However, Debtors fail to report accrued post-petition liabilities, including accrued interest on the pre-petition secured debt and unpaid operating expenses even when they are operating a commercial property with tenants.

7.      Debtors have also provided financial projections either attached to a cash collateral, post-petition financing motion, or disclosure statement that have little (if any) correlation with the

financials reported in the MORs. Comparing the MORs to projections, disbursements have either been cumulatively overbudgeted by $336K in five of the debtors' cases, or cumulatively underbudgeted by $1.62M in two of debtors' cases. These amounts are likely even greater now but Debtors failed to file 22 MORs across six of the eight cases.

8. Furthermore, Debtors have a pattern of failing to (a) file MORs after approval of post-petition financing, (b) file Post-Confirmation Reports (PCR) after confirmation of a plan, or (c) take any steps to reorganize after paying their pre-petition secured lenders. In the four cases with either a confirmed plan or post-petition financing, the post-petition lender is KL Horns Up, LLC. The few reports filed after approval of the post-petition financing or confirmation of a plan fail to report any payments made to KL Horns Up, LLC, and fail to increase post-petition liabilities in such a manner that evidences a failure to pay KL Horns Up, LLC. Without complete and accurate financial reporting, unsecured creditors have no ability to ascertain whether they will ever receive payment as cases fail to progress after the pre-petition secured creditor is paid.

9. Moreover, Debtors routinely fail to comply with basic administrative issues in these cases, including timely filing MORs, timely paying fees due under 28 U.S.C. § 1930(a)(6), and timely providing responses to reasonable requests from the U.S. Trustee for information, including such basic requests as proof of insurance and documents supporting the MORs. In a recent affiliate case, WC Thousand Oaks, LP, Case No. 21-10251, the agreed order dismissing the case required WC Thousand Oaks, LP to file outstanding MORs and pay quarterly fees within 14 days of dismissal, yet WC Thousand Oaks, LP failed to comply with the Court order and did not file any MORs or pay quarterly fees. Debtors' failure to comply with these basic administrative issues and comply with Court orders further demonstrate Debtors' failure to keep the Court and their creditors

4

informed about the status and condition of their businesses and constitutes further cause under 1112(b). 11 U.S.C. §§ 1112(b)(4)(F) & (H).

10. Debtors' failure to provide accurate and complete financial reporting constitutes a gross mismanagement of each estate, which is cause for dismissal or conversion. 11 U.S.C. § 1112(b)(4)(B). Debtors' failure to timely file MORs and failure to provide information reasonably requested by the U.S. Trustee provides additional cause for dismissal or conversion. 11 U.S.C. §§ 1112(b)(4)(F) & (H). The Court should convert each case to Chapter 7 or appoint a Chapter 11 trustee as it is in the best interest of each debtor's creditors and their estate for an independent fiduciary to review the financials for each debtor and provide complete, accurate, and timely financial reporting and ensure the legitimacy of the transactions by the Debtors.

11. In addition, on the afternoon of March 22, 2022, the U.S. Trustee received via email copies of bank statements from counsel in WC Met Center, LLC; WC 717 N. Harwood Property, LLC; WC South Congress Square, LLC; Arboretum Crossing, LLC; and WC 3rd & Trinity, LP. While the U.S. Trustee has not had sufficient time to perform an in-depth review of these bank statements, a cursory review indicates that in all of these cases the debtor engaged in the same transfers to affiliate entities, including World Class Holdings LLC, Westlake Industries LLC, and Hernandez Remodeling, that led to the conversion of the WC Culebra case to Chapter 7 and the Court's entry of the orders to show cause in the other WC cases at issue.

### III. STATEMENT OF FACTS

  a. *WC South Congress Square, LLC*

9. Cause exists to convert WC South Congress Square, LLC's (WC South Congress) (Case No. 20-11107) case to Chapter 7 or appoint a Chapter 11 trustee because WC South

Congress' repeated failure to timely file complete and accurate MORs is a breach of its fiduciary duty and a gross mismanagement of its estate. Specifically, cause exists because:

i. WC South Congress failed to comply with the basic administrative requirements of a Chapter 11 debtor. Since filing, WC South Congress filed thirteen of the seventeen MORs it was required to file, seven of those thirteen were tardy, it has not filed MORs for the months of November 2021 through February 2022, and currently owes fees for the fourth quarter of 2021. To date, WC South Congress has failed to file MORs for November 2021, December 2021, January 2022, and February 2022, provide bank statements and other evidence to support the income and disbursements on the October 2021 MOR, and failed to amend the September and October 2021 MORs.

ii. WC South Congress failed to continue filing its MORs or take any steps to reorganize and pay its unsecured creditors after obtaining post-petition financing. On August 20, 2021, the Court entered an order authorizing WC South Congress to obtain $39,000,000 of post-petition financing from KL Horns Up, LLC (South Congress DIP Order). Even though disbursements occurred August 23, 2021, The September 2021 MOR for WC South Congress disclosed disbursements by a third party on its behalf of $39,000,000, which included paying the full amount owed to the pre-petition secured lender. However, on the October 2021 MOR (the last MOR filed in this case), there is no evidence of payments to KL Horns Up, LLC for the post-petition financing.

iii. On December 3, 2021, the U.S. Trustee received a Notice of Events of Default, Notice of Acceleration and Enforcement Notice, stating WC South Congress was in default of the terms of financing agreement dated August 23, 2021. Due to a lack of transparency by WC South Congress and its failure to file any MORs for the last four months, the U.S. Trustee and other interested parties are unable to determine whether WC South Congress has been making payments to KL Horns UP, LLP for the refinanced debt and/or has sufficient cash flow to satisfy these payments.

iv. The MORs and other financial projections WC South Congress filed are consistently incomplete and inaccurate. As an example, although WC South Congress reports business operations and activity on the MORs under the accrual accounting basis, for the eleven months of October 2020 through August 2021 WC South Congress' MORs reported disbursements of only 20% of budgeted expenses while the balance sheets failed to report any accrued post-petition liability other than accrued professional fees, real estate taxes, and a $1,000 loan. Per WC South Congress' Disclosure Statement Projection (Dkt # 80), budgeted expenses for January 2021 through August 2021 totaled $1,367,716. However, WC South Congress' MORs for the same period reported $289,494 in disbursements and $0 post-petition liabilities, excluding professional fees due CCG and FRJ, real estate taxes, and a $1,000 post-petition loan, a difference of nearly $1.1M.

6

    v. WC South Congress failed to report disbursements made on behalf of the debtor by a third party. On February 5, 2021, WC South Congress filed the November 2020 MOR, failing to accurately report a $10,000 third party disbursement to professionals, instead recording it as a capital contribution to satisfy a prepaid expense. On March 22, 2021, WC South Congress filed the February 2021 MOR. The Comparative Balance Sheet (MOR-3) states a reduction in pre-petition real taxes of $510,085.10 in February 2021 as a payment directly to the tax authority from the former master lease holder, yet WC South Congress claimed total disbursements of $797.22 for the month.

10. On March 1, 2022, the U.S. Trustee filed a motion to convert WC South Congress' case to a Chapter 7 or, in the alternative, to dismiss the case (Dkt. # 173), incorporated herein by reference. For the reasons above, cause exists to convert or dismiss under Section 1112(b), and it is in the best interests of the estate and creditors to convert WC South Congress' case to Chapter 7 under 11 U.S.C. § 1112(b)(1). Alternatively, the U.S. Trustee is not opposed to the appointment a Chapter 11 Trustee under 11 U.S.C. § 1104.

    b. *WC 3rd and Trinity, LP*

11. Cause exists to convert WC 3rd and Trinity, LP's (3rd and Trinity) (Case No. 21-10252) case to Chapter 7 or appoint a Chapter 11 trustee because 3rd and Trinity's repeated failure to timely file complete and accurate MORs is a breach of its fiduciary duty and a gross mismanagement of its estate. Specifically, cause exists because:

    i. 3rd and Trinity failed to comply with the basic administrative requirements of a Chapter 11 debtor. Since filing, 3rd and Trinity filed seven of the eleven MORs it was required to file, five of those seven were tardy, it has not filed MORs for the months of November 2021 through February 2022, and currently owes fees for the third and fourth quarters of 2021.

    ii. 3rd and Trinity failed to continue filing its MORs or take any steps to reorganize and pay its unsecured creditors after obtaining post-petition financing. On September 29, 2021, the Court entered an order authorizing 3rd and Trinity to obtain $5,600,000 of post-petition financing from KL Horns Up, LLC (Trinity DIP Order). 3rd and Trinity disclosed on the September MOR disbursements by a third party on its behalf of $5,367,500, which included paying the full amount owed to the pre-petition secured lender. However, on the October 2021 MOR (the last MOR filed in this case), there is no evidence of payments to KL Horns Up, LLC for the post-petition financing.

      iii. The MORs and other financial projections 3rd and Trinity filed are consistently incomplete and inaccurate. As an example, although 3rd and Trinity reports business operations and activity on the MORs under the accrual accounting basis, for the five months preceding the Trinity DIP Order the balance sheets attached to the MORs failed to report any accrued post-petition liability other than accrued professional fees. In other words, 3rd and Trinity claims to have operated a commercial office and retail space of nearly 11,000 square feet without incurring operating expenses evidenced on their Disclosure Statement Projections, such as electricity, water, and maintenance, for three months. *See* Dkt. # 6. Per 3rd and Trinity's Disclosure Statement Projection, budgeted monthly operating expenses for June, July, and August 2021 totaled $100,753. However, 3rd and Trinity's MORs for the same period reported $36,800 in disbursements and $0 post-petition liabilities, excluding professional fees due CCG and FRJ and prepaid rents, a difference of nearly $64,000.

12. On February 28, 2022, the U.S. Trustee filed a motion to convert 3rd & Trinity's case to a Chapter 7 or, in the alternative, to dismiss the case (Dkt. # 88), incorporated herein by reference. For the reasons above, cause exists to convert or dismiss under Section 1112(b), and it is in the best interests of the estate and creditors to convert 3rd and Trinity's case to Chapter 7 under 11 U.S.C. § 1112(b)(1). Alternatively, the U.S. Trustee is not opposed to the appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104.

    *c. Arboretum Crossing, LLC*

13. Cause exists to convert Arboretum Crossing, LLC's (Arboretum) (Case No. 21-10546) case to Chapter 7 or appoint a Chapter 11 trustee because Arboretum's repeated failure to timely file complete and accurate MORs is a breach of its fiduciary duty and a gross mismanagement of its estate. Specifically, cause exists because:

      i. Arboretum failed to comply with the basic administrative requirements of a Chapter 11 debtor. Since filing, Arboretum filed four of the eight MORs it was required to file, all four that were filed were tardy, it has not filed MORs for the months of November 2021 through February 2022, and currently owes fees for the fourth quarter of 2021. The U.S. Trustee raised the concern that Arboretum was delinquent on filing MORs at a February 23, 2022, hearing in this case and the Court requested that Arboretum file the delinquent MORs, yet Arboretum has not filed any delinquent MORs to date.

      ii. Arboretum failed to continue filing its MORs or take any steps to reorganize and

  pay its unsecured creditors after obtaining post-petition financing. On February 11, 2022, the Court entered the final order authorizing Arboretum to obtain post-petition financing of $36,550,000 from KL Horns UP, LLC (Arboretum DIP Order). *See* Dkt #82. Arboretum has not filed its MOR or provided a settlement statement to the U.S. Trustee to evidence what payments were made using the post-petition financing.

  iii. The MORs and other financial projections Arboretum filed are consistently incomplete and inaccurate. As an example, although Arboretum reports business operations and activity on the MORs under the accrual accounting basis, in the four MORs provided, Arboretum reported total disbursements of $22,664 and $0 post-petition liabilities excluding professional fees. In other words, Arboretum claims to have operated nearly 200,000 square feet of retail space and an accompanying parking lot while incurring an average of $5,666, or 22% of budgeted expenses.

  iv. The financial projections Arboretum filed and provided to the U.S. Trustee are consistently incomplete and inaccurate. Budgeted operating expenses for July 2021 through October 2021 per Arboretum's Initial Debtor Interview Exhibit D 90-Day Budget and the Disclosure Statement Projections (Dkt #24), total $103,460, a difference of over $80,000 from disbursements reported on the MORs for the same period.

14. On February 28, 2022, the U.S. Trustee filed a motion to convert Arboretum's case to a Chapter 7 or, in the alternative, to dismiss the case (Dkt. # 94), incorporated herein by reference. For the reasons above, cause exists to convert or dismiss under Section 1112(b), and it is in the best interests of the estate and creditors to convert Arboretum's case to Chapter 7 under 11 U.S.C. § 1112(b)(1). Alternatively, the U.S. Trustee is not opposed to the appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104.

  d. *WC 717 N Harwood Property, LLC*

15. Cause exists to convert WC 717 N Harwood Property, LLC's (WC 717) (Case No. 21-10630) case to Chapter 7 or appoint a Chapter 11 trustee because WC 717's consistent and repeated failure to timely file complete and accurate MORs and pay quarterly fees is a breach of its fiduciary duty and a gross mismanagement of its estate. Specifically, cause exists because:

  i. WC 717 has only filed MORs for the months of August, September, and October 2021, all three of which were tardy, and has failed to file MORs for the months of

      November 2021 through February 2022. WC 717 has also failed to pay quarterly fees for the fourth quarter of 2021.

   ii. WC 717 has failed to properly report income and expenses on its MORs. WC 717's August 2021 MOR states between August 3, 2021, and August 31, 2021, the debtor neither paid nor accrued any operating expenses for the 34-floor mixed use skyscraper valued at $150 million.

   iii. WC 717 erroneously reported disbursements made on behalf of the debtor by a third party as a capital contribution for prepaid expenses in August 2021. To date, WC 717 has failed to amend the August 2021 MOR to correct this as well as other errors pointed out by the U.S. Trustee in an October 15, 2021 email.

   iv. WC 717 financial projections either attached to a cash collateral, post-petition financing motion, or disclosure statement have little (if any) correlation with the financials reported. WC 717's 90-day projection provided to the U.S. Trustee estimated September 2021 operating expenses to be $342,000 for the month, compared to the cash collateral budget (Dkt #64) which budgeted $1,492,504 for the same period. The MOR for September 2021 states the debtor disbursed $952,780. Overall, for the period of September 2021 through October 2021, WC 717's budgeted expenses are underestimated by $1,344,290 when comparing the 90-day budget to the MORs, and overestimated by $568,005 when comparing the cash collateral budget to the MORs.

   v. The MORs and other financial projections WC 717 filed are consistently incomplete and inaccurate. As an example, on March 14, 2022, WC 717 filed a Notice of Extension of Termination Date and Cash Collateral Budget (Dkt #111). This cash collateral budget estimates the expenses for February 2022 to be $1,169,773. The Disclosure Statement Projection (Dkt #65) for the same period estimates expenses to be $800,676, a difference of nearly $400,000. WC 717 has not yet filed the February 2022 MOR to reflect actual expenses.

   vi. WC 717 has failed to provide the U.S. Trustee with reasonably requested information since the outset of the case including but not limited to tax returns, complete historic financial statements, and responses to numerous emails from the U.S. Trustee requesting clarification of information reported on the MORs.

16. On March 1, 2022, the U.S. Trustee filed a motion to convert WC 717's case to a Chapter 7 or, in the alternative, to dismiss the case (Dkt. # 106), incorporated herein by reference. For the reasons above, cause exists to convert or dismiss under Section 1112(b), and it is in the best interests of the estate and creditors to convert WC 717's case to Chapter 7 under 11 U.S.C. §

1112(b)(1). Alternatively, the U.S. Trustee is not opposed to the appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104.

  *e. WC Met Center, LLC*

17. Cause exists to convert WC Met Center, LLC's (Met Center) (Case No. 21-10698) case to Chapter 7 or appoint a Chapter 11 trustee because Met Center's consistent and repeated failure to timely file complete and accurate MORs and pay quarterly fees is a breach of its fiduciary duty and a gross mismanagement of its estate. Specifically, cause exists because:

  i. Met Center has failed to comply with its administrative requirements as a Chapter 11 debtor from the outset of this case. Shortly after the case was filed, the U.S. Trustee filed a motion to dismiss or convert based on Met Center failure to timely file a list of creditors holding the 20 largest unsecured claims with approximate claim amounts, schedules of assets and liabilities, and a statement of financial affairs, as required by 11 U.S.C. §§ 521(a)(1) and 1112(e) and FED. R. BANKR. P. 1007(b). Met Center finally filed these documents the day of the hearing scheduled on the U.S. Trustee's previous motion to dismiss or convert. *See* Dkt. Nos. 15, 16 and 19.

  ii. Since then, Met Center has only filed MORs for the months of September and October 2021, both of which were tardy, and failed to file MORs for the months of November 2021 through February 2022. Met Center also failed to pay quarterly fees for the third and fourth quarters of 2021.

  iii. Met Center has continued its pattern of failing to file its MORs, and since the petition date has take no meaningful steps to reorganize and pay its unsecured creditors after almost seven months in Chapter 11. On December 22, 2021, the Court entered an order granting SKW – B Acquisitions Seller, LLC relief from the automatic stay (Dkt. No. 47), that among other things requires Met Center to pay the lender's secured claim of "not less than $44,548,842.60" by April 15, 2022, or deliver to the lender a deed in lieu of foreclosure, which the lender can (among other things) immediately record without further order of the Court or notice to any party or sell and foreclose on Met Center's property. Since the entry of the order granting stay relief, Met Center has not filed a proposed disclosure statement and plan of reorganization, or motion for order authorizing it to obtain debtor-in-possession financing, that would address and satisfy the lender's secured claim.

  iv. The MORs and other financial projections Met Center filed are consistently incomplete and inaccurate. As an example, the September 2021 includes a $10,000 payment made on behalf of the debtor to CCG erroneously categorized as a capital contribution for a prepaid expense rather than a disbursement made on behalf of Met Center by a third party.

  v. Additionally, the same September 2021 MOR omits any accrued or paid expenses. Although expenses are estimated to be $96,833 per Met Center's cash collateral budget, Met Center reported disbursements of $225 for the month and $0 accruals excluding professional fees and prepaid rent. *See* Dkt #55. In response to the U.S. Trustee's inquiry regarding this difference, Jeff Worley of CCG, financial advisor to Met Center stated, "Our plan was to wait for a cash collateral budget to be approved and then we would recognize the expenses when paid.", indicating Met Center intentionally failed to report accrued expenses on the September 2021 MOR. The October 20212 MOR indicates follows the same pattern of omitted disbursements and accruals for operating expenses. To date, Met Center has not amended the September 2021 to correct these errors.

18. On March 1, 2022, the U.S. Trustee filed a motion to convert Met Center's case to a Chapter 7 or, in the alternative, to dismiss the case (Dkt. # 60), incorporated herein by reference. For the reasons above, cause exists to convert or dismiss under Section 1112(b), and it is in the best interests of the estate and creditors to convert Met Center's case to Chapter 7 under 11 U.S.C. § 1112(b)(1). Alternatively, the U.S. Trustee is not opposed to the appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104.

  f. *6th & San Jacinto, LLC and WC 511 Barton Blvd, LLC*

19. 6th & San Jacinto, LLC (Case No. 21-10942) and WC 511 Barton Blvd, LLC (Case No. 21-10943) both filed Chapter 11 petitions on December 7, 2021. On March 7, 2022, each debtor filed proposed disclosure statements and plans of reorganization that call for financial contributions from the "equity interest holder" to cure and reinstate the note with the respective debtor's secured lender and pay any other outstanding debts in full. The debtors filed motions seeking an order setting a combined hearing on the adequacy of the disclosure statement and confirmation of the plan in each case, which are currently set for hearing on March 23, 2022, at 1:30 p.m.

20. Although these two cases are relatively new, and the debtors have filed proposed plans and disclosure statements in each case (each containing ambiguous provisions for equity to provide funding for the proposed plans), these cases are further examples of the WC debtors'

12

consistent and repeated failure to timely file complete and accurate MORs and pay quarterly fees.[2] 6th & San Jacinto, LLC filed the December 2021 and February 2022 MOR, which were tardy, and has failed to file the January 2022, instead filing the February 2022 MOR as the January 2022 MOR. WC 511 Barton Blvd, LLC filed the December 2021, January 2022, and February 2022 MOR. All five of the filed MORs were tardy. The December 2021, January 2022, and February 2022 MORs fail to include the required financial statements as supporting documents.. As of the date of this motion, the debtors have not amended the MORs to include this information.

21. In addition, the quarterly fees for the fourth quarter of 2021, which were due on January 31, 2022, were not paid until February 14, 2022, and only after the U.S. Trustee inquired as to the status of the payment. Although these two cases have only been on file for approximately four months, the debtors have continued the WC debtors' overall pattern of failure to comply with their basic administrative requirements as Chapter 11 debtors, which constitute a breach of its fiduciary duty and a gross mismanagement of its estate sufficient to warrant either conversion of these cases to Chapter 7, or the appointment of a Chapter 11 Trustee.

22. The debtors have failed to provide information reasonably requested by the U.S. Trustee, including copies of invoices to substantiate claims on Schedule E/F, tax returns, and historic financial statements. Additionally, 6th & San Jacinto, LLC has failed to provide information relating to a new tenant as described to the U.S. Trustee during the initial debtor interview on December 29, 2021. These examples of these debtors' behavior in their Chapter 11 cases reflects a breach of its fiduciary duty and a gross mismanagement of its estate, which constitutes cause for the appointment of a Chapter 11 Trustee to oversee the reorganization of both 6th and San Jacinto, LLC and WC 511 Barton Blvd, LLC.

---

[2] The U.S. Trustee reserves all rights to object to the disclosure statement and plans filed in both 6th & San Jacinto, LLC (Case No. 21-10942) and WC 511 Barton Blvd, LLC (Case No. 21-10943).

    *g. WC Manhattan Place Property, LLC*

23.    WC Manhattan Place Property, LLC (Manhattan Place) (Case No. 22-10047) is the most recently filed WC-related case, and despite the case's relative infancy, Manhattan Place has continued the pattern of failure to adhere to the administrative requirements born by a Chapter 11 debtor. In this particular case, Manhattan Place has failed to file the very first required MOR for January 2022 (due February 21, 2022) and, as of the date of this response, has not filed its MOR for February 2022. This latest example of Debtors' behavior in their Chapter 11 cases reflects a breach of its fiduciary duty and a gross mismanagement of its estate, which constitutes cause for the appointment of a Chapter 11 Trustee to oversee the reorganization of Manhattan Place.

**V.    CONCLUSION**

For the reasons above, the U.S. Trustee requests that the Court enter an order converting these bankruptcy cases to Chapter 7 or appoint a Chapter 11 trustee for cause and granting such other and further relief as the Court deems appropriate under applicable law.

Dated: March 22, 2022

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
Southern and Western Districts of Texas

By:   /s/ J. Casey Roy
    J. Casey Roy
    Trial Attorney
    Texas State Bar No. 00791578
    Shane P. Tobin
    Trial Attorney
    CA State Bar No. 317282
    903 San Jacinto Blvd., Room 230
    Austin, Texas 78701
    Phone: (512) 916-5328
    Fax: (512) 916-5331

## **CERTIFICATE OF SERVICE**

I hereby certify that I forwarded a true and correct copy of the foregoing **UNITED STATES TRUSTEE'S COMMENT TO ORDER TO SHOW CAUSE** by electronic means for all Pacer system participants and directed service by prepaid first-class mail to the parties listed on the Mailing Matrix (not attached on service copies) on March 22, 2022.

*/s/ J. Casey Roy*
J. Casey Roy

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 21-10630-tmd<br>Western District of Texas<br>Austin<br>Tue Mar 22 16:32:12 CDT 2022 | WC 717 N Harwood Property LLC<br>814 Lavaca St.<br>Austin, TX 78701-2316 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| 4-L Engineering Company Inc.<br>420 N Dorothy Drive<br>Richardson, TX 75081-2701 | 4-L Engineering Company Inc.<br>c/o Phil J. Pollan<br>201 E. Polk<br>Richardson, TX 75081-4134 | APS Building Services<br>P.O. Box 40447<br>Houston, TX 77240-0447 |
| Allied Universal Technology Services<br>3440 Sojourn Dr #220<br>Carrolton, TX 75006-2396 | Asurity Mortgage Group, Inc.<br>c/o Davor Rukavina<br>500 N. Akard St #3800<br>Dallas, TX 75201-6659 | Asurity Mortgage Group, LLC<br>717 North Harwood #1600<br>Dallas, TX 75201-6526 |
| Captivate LLC<br>900 Chelmsford St #3101<br>Lowell, MA 01851-8100 | (p)CITY OF DALLAS<br>C O CITY SECRETARYS OFFICE<br>DALLAS CITY HALL<br>1500 MARILLA STREET ROOM 5D SOUTH<br>DALLAS TX 75201-6390 | Colliers International Holdings (USA), Inc.<br>28158 Network Place<br>Chicago, IL 60673-1281 |
| Comptroller of Public Accounts<br>C/O Office of the Atty General<br>Bankruptcy - Collections MC-008<br>PO Box 12548<br>Austin TX 78711-2548 | D. Park Smith<br>Law Office of D. Park Smith<br>250 Cherry Springs Road, Suite 200<br>HUNT, TX, TX 78024-3010 | Dallas County<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Elizabeth Weller<br>2777 N Stemmons Frwy #1000<br>Dallas TX 75207-2328 |
| Dallas County<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Laurie A Spindler<br>2777 N Stemmons Fwy #1000<br>Dallas TX 75207-2328 | Downtown Dallas Inc.<br>Bank of America Plaza<br>901 Main St. #7100<br>Dallas, TX 75202-3701 | Friedman and Feiger, LLP<br>5301 Spring Valley Rd, Ste 200<br>Dallas, Texas 75254-2488 |
| Hilltop Securities Inc<br>c/o Jason Enright<br>Winstead PC<br>2728 N Harwood St #500<br>Dallas TX 75201-1743 | Hilltop Securities Inc.<br>c/o Winstead PC<br>Attn: Jason Enright<br>2728 N. Harwood Street, Suite 500<br>Dallas, Texas 75201-1743 | Hudson Energy Corp.<br>P.O. Box 731137<br>Dallas, TX 75373-1137 |
| Hudson Energy Services, LLC<br>5251 Westheimer Road, Suite 1000<br>Attn: Siara Levine<br>Houston, TX 77056-5414 | Kibo Software Inc<br>c/o DuBois Bryant & Campbell LLP<br>Colorado Tower<br>303 Colorado St #2300<br>Austin TX 78701-0021 | Kimberly A Walsh<br>Assistant Attorney General<br>Bankruptcy & Collections Division MC 008<br>PO Box 12548<br>Austin TX 78711-2548 |
| McCall Parkhurst and Horton LLP<br>717 North Harwood<br>Suites 525 and 900<br>Dallas, TX 75201-6586 | Mid America Metals<br>P.O. Box 860<br>Ozark, MO 65721-0860 | Mitec<br>2445 Meadowbrook Parkway<br>Duluth, GA 30096-4636 |
| Morritt Hook & Hamroff LLP<br>c/o Brandi P. Klineberg<br>400 Garden City Plaza<br>Garden City, NY 11530-3327 | Nalco Company<br>P.O. Box 730005<br>Dallas, TX 75373-0005 | Office of the US Trustee<br>903 San Jacinto Boulevard<br>Room 230<br>Austin, TX 78701-2450 |

| | | |
|---|---|---|
| Promise Total Services, Inc.<br>P.O. Box 29789<br>Dallas, TX 75229-0789 | RTC Waterproofing & Glass, Inc.<br>1433 Crescent Drive<br>Carrollton, TX 75006-3606 | Ross & Smith, PC<br>c/o Eric Soderlund<br>700 N Pearl St #1610<br>Dallas TX 75201-7459 |
| Ross & Smith, PC<br>c/o Frances A. Smith<br>700 N Pearl St #1610<br>Dallas TX 75201-7459 | SKW - B Harwood Seller J LLC<br>c/o Moritt Hock & Hamroff LLP<br>400 Garden City Plaza<br>Garden City NY 11530-3327 | SKW B Acquisitions Seller J LLC<br>c/o Moritt Hock & Hamroff LLP<br>Theresa Driscoll<br>400 Garden City Plaza<br>Garden City NY 11530-3327 |
| SKW-B Acquisitions Seller J LLC<br>c/o Ross & Smith PC<br>Frances A Smith<br>700 N Pearl St #1610<br>Dallas TX 75201-7459 | SKW-B Acquisitions Seller J, LLC<br>c/o SKW Funding, LLC<br>Attn: Matt Contreras<br>134 W 25th St<br>New York NY 10001-7409 | TK Elevator Corp<br>fka ThyssenKrupp Elevator Corp.<br>Law Office of D Park Smith<br>250 Cherry Springs Rd #200<br>Hunt TX 78024-3010 |
| TK Elevator Corporation<br>P.O. Box 3796<br>Carol Stream, IL 60132-3796 | TRI-TEX Construction, Inc.<br>403 International Pkwy #500<br>Richardson, TX 75081-2899 | Texas AirSystems LLC<br>6029 West Campus Circle Dr #100<br>Irving, TX 75063-2768 |
| United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Universal Protection Service LP<br>P.O. Box 828854<br>Philadelphia, PA 19182-8854 | Universal Thrive Technologies LLC<br>1815 E Wilshire Ave #910<br>Santa Ana, CA 92705-4646 |
| Yardi Marketplace, Inc.<br>12301 Research Blvd.<br>Bldg. IV, Ste. 100<br>Austin, TX 78759-2369 | Mark H. Ralston<br>Fishman Jackson Ronquillo PLLC<br>13155 Noel Rd #700<br>Dallas, TX 75240-5030 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City of Dallas Water Utilities
City Hall, 2D South
Dallas, TX 75277

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)SKW- B Harwood Seller J, LLC<br>c/o Moritt Hock & Hamroff LLP<br>400 Garden City Plaza<br>Garden City, NY 11530-3322 | End of Label Matrix<br>Mailable recipients    46<br>Bypassed recipients     1<br>Total                   47 |