IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | Case No. 21-10630-tmd |
| WC 717 N HARWOOD PROPERTY, LLC, | § | |
| | § | |
| Debtor. | § | |
| _____ | § | |

**SKW – B HARWOOD OWNER, LLC'S APPLICATION
FOR (A) ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS AND (B)
DIRECTING TURNOVER OF RENTS RECEIVED BY TRUSTEE
FOR PERIOD APRIL 18 THROUGH APRIL 30, 2022[1]**

**This pleading requests relief that may be adverse to your interests.
If no timely response is filed within 21 days from the date of service, the relief
requested herein may be granted without a hearing being held.
A timely filed response is necessary for a hearing to be held.**

SKW – B Harwood Owner, LLC ("Movant" or "SKW Owner") hereby moves (the "Motion") for entry of an order, a proposed form of which is attached hereto as Exhibit 1, pursuant to sections 105(a) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order granting, among other things, allowance of certain chapter 11 administrative expense claims and respectfully states as follows:

**PRELIMINARY STATEMENT**

On December 22, 2021, the Bankruptcy Court entered that certain *Agreed Order Granting SKW-B Harwood Seller J, LLC's Motion for Entry of an Order Modifying the Automatic Stay and Granting Related Relief* [ECF Dkt. 103] (the "Agreed Order").[2] A copy of the Agreed Order is annexed hereto as Exhibit A. Pursuant to the Agreed Order, WC 717 N. Harwood Property, LLC (the "Debtor") was given until April 15, 2022 ("Payoff Deadline") to payoff amounts due its

---
[1] This Application was originally filed on August 26, 2022, and is being refiled to allow for the upload of the Proposed Order pursuant to Local Rule 9013(b).
[2] Capitalized terms used but not defined herein shall have the meanings given to such terms in the Agreed Order.

secured prepetition lender, SKW – B Harwood Seller J, LLC ("SKW Lender"). The Agreed Order further provided that in the event the Debtor did not provide a full payoff to SKW Lender by the Payoff Deadline, the automatic stay would be lifted and SKW Lender would be authorized, without further notice or order, to record the Deed in Lieu or Replacement Deed in Lieu provided to SKW Lender under the Agreed Order.

The Debtor did not payoff SKW Lender by the Payoff Deadline. On April 18, 2022, the Chapter 11 Trustee delivered to SKW Lender an executed Replacement Deed in Lieu. On April 18, 2022, SKW Lender recorded the Replacement Deed in Lieu (the "Title Transfer") and thereafter assigned all of its rights, title and interest in the Property to Movant, SKW Owner.

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). The Motion is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of the Motion in this Court is proper pursuant to 28 U.S.C. § 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 503(b) of the Bankruptcy Code and related Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including Bankruptcy Rules 4001 and 9014, and Local Rule 4001 of the Local Court Rules of this Court.

## BACKGROUND

**SKW Owner's Payment of Administrative Expenses Subsequent to Title Transfer**

4. Following the Title Transfer and to prevent disruption at the Property and aid in a smooth transition from the Chapter 11 Trustee, for the Debtor's estate, to SKW Owner, SKW Owner paid a number of Property-related postpetition invoices. Attached hereto as Exhibit B is a schedule detailing the postpetition invoices paid by SKW Owner together with the invoices

supporting the amounts paid and proof of payment by SKW Owner. SKW Owner hereby asserts a claim in an amount not less than $272,979.05 for indemnification and/or reimbursement arising from its payment of third-party invoices for postpetition services rendered and/or goods sold and delivered to and for the benefit of the Debtor's estate and Property.

5. Also in connection with the Title Transfer, the Chapter 11 Trustee also executed and delivered to SKW Lender an Assignment of Leases, Rents and Security Deposits ("Assignment of Leases"). A copy of this instrument is annexed hereto as Exhibit C. As set forth in the Assignment of Leases, the Debtor assigned all of its rights title and interest in and to the Leases (as defined in the Assignment of Leases) and security deposits and other deposits for the Leases. Thus, SKW Owner hereby asserts a claim in the amount of not less than $766,230.18 ("Security Deposit Claim") for security deposits paid under the Leases which deposits (and Leases) were assigned to SKW Owner under the Assignment of Leases.[3]

6. Additionally, SKW Owner hereby seeks entry of an Order directing the Trustee to turnover rents collected by the Trustee at the Property on and after the Title Transfer (*i.e.*, for the period April 18-30, 2022). Based on historical monthly rent collections, SKW Owner estimates this claim for postpetition, post-Title Transfer rent to be not less than $461,065.02.[4]

---

[3] On July 27, 2022, SKW Owner filed a proof of claim in respect of certain invoices paid following SKW Owner's ownership of the Property as well as a claim for the assignment of security deposits under the Assignment of Leases. See Claim No. 16-1 ("Prepetition Claim"). As noted in the Prepetition Claim, SKW Owner contends that the Security Deposit Claim is entitled to administrative expense priority under Section 507(a)(2) inasmuch as SKW Owner's entitlement to such deposits arose postpetition by the Assignment of Leases dated April 15, 2022. Notwithstanding, SKW Owner included this claim in the Prepetition Claim in an abundance of caution and to the extent it is later determined to be a prepetition claim.

[4] This claim for rent is calculated based on SKW Owner's ownership of the Property for 13 days in April 2022 at a per diem rental amount of $35,466.54 which is calculated based on the Debtor's February 2022 Monthly Operating Report disclosure of monthly rents totaling $1,063,996.30. *See* Monthly Operating Report for February 2022 filed on March 30, 2022 [ECF Dkt. 123]. The Trustee can confirm the actual rent collections for the month of April 2022.

**SKW – B HARWOOD OWNER, LLC'S APPLICATION**
**FOR (A) ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS AND (B)**
**DIRECTING TURNOVER OF RENTS RECEIVED BY TRUSTEE**
**FOR PERIOD APRIL 18 THROUGH APRIL 30, 2022** Page 3

**RELIEF REQUESTED**

7. By this Motion, SKW – B Owner seeks entry of an order (a) allowing SKW Owner an administrative expense claim for (i) postpetition invoices paid and (ii) security deposits assigned to it in connection with the Title Transfer and (b) directing the Trustee to turnover and remit to SKW Owner rents received by the Trustee for the thirteen days in April 2022 during which SKW Owner was the owner of the Property.

**BASIS FOR RELIEF REQUESTED**

8. Section 503(b)(1)(A) provides, in relevant part, that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(a). When a trustee operates the business of the debtor under section 1108 of the Bankruptcy Code, the accounts payable that it generates automatically give rise to administrative expenses. Indeed, section 364(a) of the Bankruptcy Code provides, in relevant part, that:

> If the trustee is authorized to operate the business of the debtor under section . . . 1108 . . . of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowance under section 503(b)(1) of this title as an administrative expense.

11 U.S.C. § 364(a).

9. The administrative expense priority granted by section 364(a) is automatic. 4 COLLIER ON BANKRUPTCY ¶ 503.06[5][B] (2020). Collier explains that "[a]s long as the obligation was incurred in the ordinary course of the debtor's business and as long as the expense fits generally within the 'actual, necessary' standard applicable to all section 503(b)(1) administrative expenses, the debt will be entitled to treatment as an administrative priority." *Id*.

Thus, the Bankruptcy Code provides SKW – B with an administrative expense for post-petition invoices paid on behalf of the debtor's estate.

10. "A prima facie case under § 503(b)(1) may be established by evidence that (1) the claim arises from a transaction with the debtor-in-possession; and (2) the goods or services supplied enhanced the ability of the debtor-in-possession's business to function as a going concern." *Toma Steel Supply Inc. v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992). The *TransAmerican* court explained:

> [t]he purpose of Section 503 is to permit the debtor's business to operate for the benefit of its prepetition creditors. In order to effectuate a successful reorganization, third parties must be willing to furnish post-petition goods or services on credit. Third parties might refuse to extend credit to debtors-in-possession for fear that their claims would not be paid, but an advance payment requirement would impede he debtor's business. Section 503 requires that such claims be given priority, therefore inducing third parties to extend credit and enhancing the likelihood of a successful reorganization.

*Id*. at 1415-16.

11. "'[O]rdinary course of business' administrative expenses (such as current post-petition wages and trade debt) generally as paid when due." 4 COLLIER, ¶ 503.03[4]; see also 11 U.S.C. §§ 363(c)(use of estate property); 364(a) (incurring of ordinary course debt); 503(b)(1)(grant of administrative expenses).

12. Here, SKW Owner's claim arises, in part, from post-petition goods and services delivered to or for the benefit of the Debtor's estate and its Property. These goods and services are reflected in invoices annexed hereto as <u>Exhibit B</u>. Inasmuch as SKW Owner became the owner of the Property on April 18, 2022, it was agreed between the Trustee and SKW Owner that to the extent SKW Owner paid post-petition operating expenses incurred during the post-petition pre-

April 18, 2022 period, SKW Owner should be entitled to allowance as administrative expense claims.

13. SKW Owner's claim also arises from the terms of the Assignment of Lease, Rents and Security Deposits executed by the Trustee and SKW-B Harwood Seller J, LLC, predecessor to SKW -B on April 15, 2022. Pursuant to the Assignment, the Trustee "assign[ed], tranfer[red], set over, and deliver[ed] to [SKW Owner] all of the Trustee's right, title and interest in and to all of the lease covering any portion of the Property . . . and all security and other deposits for the Leases." Assignment of Leases, p. 1.

14. Post-petition performance under an executory contract gives rise to an administrative expense claim. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (superseded by statute on other grounds) ("If the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services…."); *In re MCS/Tex. Direct, Inc.*, 02-40229-DML-11, 2004 Bankr. LEXIS 379, *11-12 (Bankr. N.D. Tex. March 30, 2004) ("Even if the contract is rejected, the contract party is entitled to payment for post-petition value received by a debtor.").

15. Similarly, a post-petition, pre-rejection breach of contract gives rise to an administrative expense claim. *See In re United Trucking Serv.*, 851 F.2d 159, 162 (6th Cir. 1988) ("the damages under the breached lease covenant, to the extent that they occurred post-petition, provided benefits to the bankrupt estate and were property accorded priority under § 503"); *Shapiro v. Meridian Auto. Sys. (Del.) (In re Lorro, Inc.)*, 391 B.R. 760, 766 (Bankr. E.D. Mich. 2008) ("the term 'administrative expense' has been construed to include claims based on tort,

trademark infringement, patent infringement, and breach of contract") (citing, *inter alia*, *Reading Co. v. Brown*, 391 U.S. 471 (1968)).

## CONCLUSION

WHEREFORE, based upon the foregoing, SKW Owner respectfully requests that the Court enter an order (a) granting this Application and awarding SKW Owner administrative expense claims as follows: (i) $272,979.05 in respect of chapter 11 operating expense paid by SKW Owner; (ii) $766,230.18 in respect of claims for security deposits paid by tenants at the Property as for which the Trustee, on behalf of the estate, agreed to transfer pursuant to the title transfer documents, and (b) directing the Trustee to turnover to SKW Owner the pro-rated portion of rents received for April 2022 in the amount of approximately $461,065.02 and providing such other and further relief to which SKW Owner may be entitled, at law or in equity.

Dated: August 30, 202

        Respectfully submitted,

**MORITT HOCK & HAMROFF LLP**

Theresa A. Driscoll (admitted pro hac vice)
400 Garden City Plaza
Garden City, New York 11530
Phone: (516) 873-2000
Email: tdriscoll@moritthock.com

and

**ROSS & SMITH, PC**

By:  /s/ *Frances A. Smith*
Frances A. Smith (State Bar No. 24033084)
Eric Soderlund (State Bar No. 24037525)
700 N. Pearl Street, Suite 1610
Dallas, TX 75201
Phone: 214-377-7879
Fax: 214-377-9409
Email: France.smith@judithwross.com
      Eric.soderlund@judithwross.com

*COUNSEL FOR SKW-B HARWOOD SELLER J, LLC*

## CERTIFICATE OF SERVICE

    I certify that on August 30, 2022 I served or caused to be served the foregoing document via the Court's Electronic Case Filing System and/or via U.S. mail upon the parties listed in the attached Master Service List as indicated.

        /s/ *Frances A. Smith*
         Frances A. Smith

# Master Service List
## WC 717 N. Harwood Property, LLC
### Case No. 21-10630

*Debtor:*
WC 717 N Harwood Property, LLC
814 Lavaca St.
Austin, TX 78701
**Served via U.S. mail**

*Debtor's Counsel:*
Fishman Jackson Ronquillo PLLC
Attn: Mark H. Ralston
13155 Noel Rd #700
Dallas, TX 75240
Phone: 214-499-5544
Fax : 214-499-5501
Email: mralston@fjrpllc.com
**Served via ECF**

*United States Trustee:*
Office of the United States Trustee
Attn: Deborah A. Bynum
903 San Jacinto Blvd., Room 230
Austin, TX 78701
Phone: 512-916-5328
Fax: 512-916-5331
**Served via ECF**

*Creditors:*
4-L Engineering Company Inc.
420 N Dorothy Drive
Richardson, TX 75081
**Served via U.S. mail**

Allied Universal Technology Services
3440 Sojourn Drive
Suite 220
Carrolton, TX 75006
**Served via U.S. mail**

APS Building Services
P.O. Box 40447
Houston, TX 77240
**Served via U.S. mail**

Mid America Metals
P.O. Box 860
Ozark, MO 65721-0860
**Served via U.S. mail**

Asurity Mortgage Group, LLC
717 North Harwood
Suite 1600
Dallas, TX 75201
**Served via U.S. mail**

Captivate LLC
900 Chelmsford Street
Suite 3101
Lowell, MA 01851
**Served via U.S. mail**

City of Dallas Water Utilities
City Hall, 2D South
Dallas, TX 75277
**Served via U.S. mail**

Colliers International Holdings (USA), Inc.
28158 Network Place
Chicago, IL 60673-1281
**Served via U.S. mail**

Downtown Dallas Inc.
Bank of America Plaza
Suite 7100
901 Main St.
Dallas, TX 75202
**Served via U.S. mail**

Hudson Energy Corp.
P.O. Box 731137
Dallas, TX 75373-1137
**Served via U.S. mail**

McCall Parkhurst and Horton LLP
717 North Harwood
Suites 525 and 900
Dallas, TX 75201
**Served via U.S. mail**

Universal Thrive Technologies LLC
1815 E Wilshire Avenue
Suite 910
Santa Ana, CA 92705
**Served via U.S. mail**

Mitec
2445 Meadowbrook Parkway
Duluth, GA 30096
**Served via U.S. mail**

Nalco Company
P.O. Box 730005
Dallas, TX 75373-0005
**Served via U.S. mail**

Promise Total Services, Inc.
P.O. Box 29789
Dallas, TX 75229-9789
**Served via U.S. mail**

RTC Waterproofing & Glass, Inc.
1433 Crescent Drive
Carrollton, TX 75006
**Served via U.S. mail**

Texas AirSystems LLC
6029 West Campus Circle Drive
Suite 100
Irving, TX 75063
**Served via U.S. mail**

TK Elevator Corporation
P.O. Box 3796
Carol Stream, IL 60132-3796
**Served via U.S. mail**

TRI-TEX Construction, Inc.
403 International Parkway
Suite 500
Richardson, TX 75081
**Served via U.S. mail**

Universal Protection Service LP
P.O. Box 828854
Philadelphia, PA 19182-8854
**Served via U.S. mail**

MCI Metro Access Transmission Services LLC
717 N Harwood St
Dallas, TX, 75201
**Served via U.S. mail**

Murphy's Deli Franchising, Inc.
717 N Harwood St Suite 111
Dallas, TX, 75201
**Served via U.S. mail**

*Lessees:*
Active Network, LLC
717 N Harwood St Suite 2300
Dallas, TX, 75201
**Served via U.S. mail**

American College of Education
717 N Harwood Ste 500
Dallas, TX, 75201
**Served via U.S. mail**

Birch Communications
717 N Harwood St
Dallas, TX, 75201
**Served via U.S. mail**

Hellmuth, Obata & Kassabaum, Inc.
717 N Harwood St Suite 2850
Dallas, TX, 75201
**Served via U.S. mail**

Lanyon Solutions, Inc.
717 N Harwood St Suite 2000
Dallas, TX, 75201
**Served via U.S. mail**

Logix Communications, L.P.
717 N Harwood St
Dallas, TX, 75201
**Served via U.S. mail**

McCall Parkhurst and Horton LLP
717 N Harwood St Suite 900
Dallas, TX, 75201
**Served via U.S. mail**

Time Warner NY Cable LLC
717 N Harwood St
Dallas, TX, 75201
**Served via U.S. mail**

Three Oaks Hospice, Inc.
717 N Harwood St Suite 550
Dallas, TX, 75201
**Served via U.S. mail**

The Allen Bailey Group, LLC
717 N Harwood St Suite 560
Dallas, TX, 75201
**Served via U.S. mail**

Omnitracs, LLC
717 N Harwood Ste 1100
Dallas, TX, 75201
**Served via U.S. mail**

Payne & Blanchard, LLP
717 N Harwood St Suite 2880
Dallas, TX, 75201
**Served via U.S. mail**

Quorum Business Solutions
717 N Harwood St Suite 800
Dallas, TX, 75201
**Served via U.S. mail**

RoofStock, Inc.
717 N Harwood St Suite 2800
Dallas, TX, 75201
**Served via U.S. mail**

Science Applications International Corporation
717 N Harwood St Suite 570
Dallas, TX, 75201
**Served via U.S. mail**

Snappy Salads Harwood LLC
717 N Harwood St Suite 100
Dallas, TX, 75201
**Served via U.S. mail**

Telepacific Communications Co
717 N Harwood St Suite 103
Dallas, TX, 75201
**Served via U.S. mail**

*Noticed Parties:*
Dallas County
c/o Linebarger Goggan Blair
 & Sampson, LLP
Attn: Elizabeth Weller
 Laurie Spindler
 Sherrel K. Knighton
2777 N Stemmons Frwy Ste 1000
Dallas, Texas 75207
Email: dallas.bankruptcy@lgbs.com
**Served via ECF**

TPX Communcations, Co.
717 N Harwood St
Dallas, TX, 75201
**Served via U.S. mail**

USA, Department of Justice
717 N Harwood St Suite 400
Dallas, TX, 75201
**Served via U.S. mail**

Zayo Group, LLC
717 N Harwood St
Dallas, TX, 75201
**Served via U.S. mail**

*Agent:*
CBRE
2100 McKinney Suite 700
Dallas, TX, 75201
**Served via U.S. mail**

WCRE Management LLC
814 Lavaca St
Austin, TX, 78701
**Served via U.S. mail**

Texas Comptroller of Public Accounts
c/o Kimberly A. Walsh
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4863
Facsimile: (512) 936-1409
Email: kimberly.walsh@oag.texas.gov
**Served via ECF**

Seth Kretzer, state Court appointed receiver
c/o James W. Volberding
110 N. College Avenue, Suite 1850
Tyler, TX 75702
Telephone: (903) 597-6622
Facsimile: (713) 929-2019
Email: jamesvolberding@gmail.com
**Served via ECF**

SKW-B Acquisitions Seller J, LLC
c/o Morritt Hook & Hamroff LLP
Attn: Marc L. Hamroff
 Theresa A. Driscoll
400 Garden City Plaza
Garden City, NY 11530
Email: mhamroff@moritthock.com
 tdriscoll@moritthock.com
**Served via ECF**

Hilltop Securities, Inc.
c/o Winstead PC
Attn: Jason A. Enright
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)
Email: jenright@winstead.com
**Served via ECF**

Kibo Software, Inc.
c/o DuBois, Bryant & Campbell, LLP
Attn: Seth E. Meisel
Colorado Tower
303 Colorado Street, Suite 2300
Austin, Texas 78701
Telephone: (512) 381-8012
Facsimile: (512) 457-8008
Email: smeisel@dbcllp.com
**Served via ECF**

Laurie Dahl Rea, Chapter 11 Trustee
c/o Rochelle McCullough, LLP
Attn: Kevin D. McCullough
 Shannon S. Thomas
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
Email: kdm@romclaw.com
Email: sthomas@romclaw.com
**Served via ECF**

Seth Kretzer
9119 South Gessner Street, Suite 105
Houston, TX 77074
Telephone: (713) 755-3050
Facsimile: (713) 929-2019
Email: seth@kretzerfirm.com
**Served via ECF**

World Class Capital Group, LLC
c/o Culhane Meadows PLLC
Attn: Lynette R. Warman
13101 Preston Rd., Suite 110-1593
Dallas, Texas 75240
Telephone: (214) 693-6525
Email: LWarman@CM.law
**Served via ECF**

Seth Kretzer
c/o Culhane Meadows PLLC
Attn: Lynnette R. Warman
 Richard Grant
13101 Preston Rd., Suite 110-1593
Dallas, Texas 75240
Telephone: (214) 693-6525
Email: LWarman@CM.law
Email: RGrant@CM.law
**Served via ECF**