IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 21-10630-TMD |
| | ) | |
| WC 717 N. HARWOOD PROPERTY, LLC | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

### TRUSTEE'S STATUS REPORT

At the Court's request, Laurie Dahl Rea, the chapter 7 trustee, files this status report of items that need to be completed in this case.

1. **Assets Held by Trustee:** $7,280,641.27 on deposit.

2. **Remaining Property to Liquidate:** The Debtor's prior lender, SKW-B Harwood Seller J, LLC filed a deed in lieu of foreclosure and took over the Debtor's only asset. Accordingly, there are no assets to be liquidated by the trustee. If the funds on hand are not sufficient to pay creditors in full, the trustee will need to investigate possible chapter 5 causes of action and other claims as an avenue to pay creditors in full.

3. **Claims Review:** The chapter 7 claims bar date for non-governmental claims was July 27, 2022. The governmental claims bar date was January 30, 2022. The trustee has reviewed all filed proofs of claim, and the following claims need additional negotiation and/or objection:

    a. **Hilltop Securities Inc.**—Claim No. 11—$8,490,418.70 for tenant improvement allowance. The trustee has spoken with creditor's counsel to request withdrawal of the claim. If the claim is not withdrawn, the trustee intends to object to the claim. It is the trustee's position that this obligation was taken over by SKW-B.

    b. **Texas Comptroller**—Claim No. 13—$400,000.00 for franchise taxes. The trustee's accountants are reviewing this claim to be certain that the entire amount is owed by this

Debtor and not a shared expense with affiliated Debtors. To the extent this Debtor paid the obligations of an affiliate, the trustee may seek to recover such amounts.

    c. **Seth Kretzer, Receiver**—Claim Nos. 14 and 15—$12,199,642.30—The Court granted a motion for summary judgment in the Debtor's favor and disallowed these claims on November 14, 2022. Unless the creditor seeks reconsideration or an appeal, these claims are now resolved.

    d. **SKW-B Harwood Seller J, LLC**—Claim Nos. 16 and 17. These claims are to some extent duplicative of SKW-B's chapter 11 administrative expense claim. The Trustee has an agreement with SKW-B as to the correct amount of SKW-B's chapter 11 administrative claims, pre-petition claims, and claims for security deposits, but that agreement is subject to a dispute between SKW-B and the Debtor, which is scheduled for hearing on November 21, 2022.

    e. **Collier's** (the Debtor's former management company)—Claim No. 18—The trustee believes this claim is incorrectly classified as a priority claim and is, in part, duplicative of the chapter 11 administrative expense claim already allowed by Court order. The trustee has discussed this with Collier's counsel, and Collier's may amend the claim. If not, the trustee intends to object to it.

    f. Based on the trustee's knowledge and review of the other proofs of claim, all other filed claims appear to be properly supported and the trustee knows of no reason to object to them at this time.

4. **Administrative claims:**

    a. There is one partially unresolved chapter 11 administrative claim. As referenced above, SKW-B's application for chapter 11 administrative claim is scheduled for hearing on November 21, 2022. The trustee and SKW-B have a form of agreed order to submit, subject to

the Debtor's remaining objection.

    b. The trustee and her professionals will need to file fee applications for their chapter 7 professional fees and expenses.

5. **Litigation:**

    a. *Asurity Mortgage Group, Inc. v. WC 717 N Harwood Property, LLC*; Adv. No. 21-1045. This adversary proceeding has been set for a status conference on January 11, 2023. The trustee continues to negotiate with Asurity to try and reach a mutually agreeable resolution of the adversary; however, the trustee believes that, aside from any pre-petition claim (that can be easily determined or agreed to), the relief sought by Asurity is more properly directed at SKW-B as the new owner of the property.

    b. **Chapter 5 and other claims:** As of this date, it appears more likely than not that the trustee will be able to pay creditors 100% and return a surplus to the Debtor's equity holder(s). However, as mentioned above, the trustee reserves the right to bring avoidance actions and other claims if they are necessary and will provide a meaningful benefit to creditors.

6. **Tax return.** The trustee understands that this Debtor is a disregarded entity for federal income tax purposes. As such, the trustee is not responsible for filing a tax return but needs to ensure that this Debtor is properly included in a tax return. To ensure proper filings are made, the Trustee and her professionals should be afforded the opportunity to review and approve what has been and will be filed for this Debtor. The Trustee needs access to the 2021 combined returns to ensure this Debtor was properly included. For 2022, the Debtor's affiliated entity or entities may do the return, but the Trustee and her professionals will need to review the portions related to the Debtor. The Trustee and her professionals must be satisfied that the Debtor is part of a combined return, agree with the tax accounting and the amount to be paid.

7. **Filing of Trustee's Final Report:** Once the trustee has handled all of the items above, the final report process is as follows:

    a. The trustee will submit the following to the United States Trustee for review: Trustee's Final Report (TFR), Notice of Trustee's Final Report (NFR), Chapter 7 Trustee's Application for Compensation and Expenses, and Proposed Order on Trustee's Application for Compensation and Expenses.

    b. Once the United States Trustee reviews those documents and approves them as compliant with local rules, the United States Trustee will file the final report giving parties 30 days to object.

8. **Distributions:** Absent objection, the trustee will file a notice of non-objection (or other filing as required by the Court or the United States Trustee) and make distributions.

Dated: November 16, 2022.

Respectfully submitted,

/s/ *Shannon S. Thomas*
Kevin D. McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
Email: kdm@romclaw.com
Email: sthomas@romclaw.com

GENERAL COUNSEL FOR LAURIE DAHL REA, CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 16, 2022, a true and correct copy of the foregoing Status Report was electronically filed and served via ECF on the below parties.

*/s/ Shannon S. Thomas*
Shannon S. Thomas

Theresa A Driscoll on behalf of Creditor SKW - B Harwood Seller J, LLC
tdriscoll@moritthock.com

Davor Rukavina on behalf of Asurity Mortgage Group, Inc.
drukavina@munsch.com

Laurie Dahl Rea on behalf of Trustee Laurie Dahl Rea
lrea@forsheyprostok.com, calendar@forsheyprostok.com;
lrea@ecf.courtdrive.com; tlevario@forsheyprostok.com;
ldr@trustesolutions.net

Kevin D. McCullough on behalf of Trustee Laurie Dahl Rea
kdm@romclaw.com, emoon@romclaw.com; sthomas@romclaw.com

Mark H. Ralston on behalf of Debtor WC 717 N Harwood Property LLC
mralston@fjrpllc.com, sjames@fjrpllc.com; ralstonlaw@gmail.com; LAWeisbruch@fjrpllc.com

John C. Roy on behalf of U.S. Trustee United States Trustee - AU12
casey.roy@usdoj.gov, gary.wright3@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov